Battle, J.
 

 The case of
 
 Shaw
 
 v. Allen, Busb. Rep. 58, is
 
 *329
 
 very much like the present, and is decisive of it. The testimony of neither of the witnesses shows the acknowledgment of any certain debt from which a promise to pay it can be implied, nor does it furnish any data from which the acknowledgment and consequent promise to pay any certain debt can be deduced. Each of the witnesses states that he had notes as well as the account in question, in favor of the plaintiff against the defendant, and that the latter did not examine the account, nor was he told what was its amount. His reply to the demand for the payment of the notes and account together was, to the first witness, that he had claims against the plaintiff, and he would see him and settle ; and to the second witness, that he would call at the plaintiff’s store and settle or attend to it. Settle what? The notes or account ? It may be assumed that he meant either or both. If it be taken that he meant either the notes
 
 or
 
 account, then of course, it is left altogether uncertain which he meant, and there cannot be implied a promise on his part to pay the account as a certain debt. If it be taken that he meant both notes and account, then it does not appear that he knew what the account was, for he neither examined it, nor was informed of its contents, nor even of its amount. His attention was not called to the account as a claim separate and distinct from the notes, and the law will not entrap him into an acknowledgment of it, and thence imply a promise to pay it, from his reply that he would call and settle, or attend to it. The defendant had said to the plaintiff’s first agent that he had claims against the plaintiff, and his response to the second shows that he was not willing to pay even the notes without further enquiry, and a credit for his counter claim. It would be going much too far to say that he admitted the correctness of a stale account which does not appear to have been exhibited to him, and of the amount of which he was not informed. We are unwilling to relax in the slightest degree the salutary principle established by all the later decisions of this Court, that
 
 “to
 
 repel the statute of limitations, there must be a promise to pay the debt sued on, either expressed or implied, and the terms used” (must be
 
 *330
 
 certain of themselves or) “must have sufficient certainty to give a distinct cause of action, by the aid of the maxim,
 
 id oertmn est quod certum reddi potest?
 

 Per Curiam.
 

 The judgment is reversed and a
 
 venire de novo
 
 awarded.